UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THE ESTATE OF ROBERT BUDINSKI,** | **2:25-CV-10964-TGB-EAS** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | |
| **AAA LIFE INSURANCE COMPANY,** | **ORDER GRANTING AAA LIFE INSURANCE COMPANY'S UNOPPOSED MOTION FOR ENTRY OF DEFAULT** |
| Defendant. | **JUDGMENT AGAINST THIRD-PARTY DEFENDANT LEAH BUDINSKI AND FOR INTERPLEADER RELIEF** |
| *and* | **(ECF NO. 21)** |
| **AAA LIFE INSURANCE COMPANY,** | |
| Counter-Plaintiff, | |
| vs. | |
| **THE ESTATE OF ROBERT BUDINSKI,** | |
| Counter-Defendant | |
| and | |
| **LEAH BUDINSKI,** | |
| Third-Party Defendant. | |

Defendant/Counter-Plaintiff AAA Life Insurance Company ("AAA Life") initiated this interpleader action to determine the proper beneficiary of a Death Benefit provided by an Annuity issued by AAA Life for decedent Robert Budinski. Third-party defendant Leah Budinski, a/k/a Leah Mott, is the daughter of the decedent, Robert Budinski, and

was the named beneficiary of the Annuity at the time of Robert Budinski's death. The Estate of Robert Budinski ("the Estate") has asserted a competing claim for the Death Benefit. Leah Budinski has failed to respond to AAA Life's Third-Party Interpleader Complaint, and AAA Life now seeks a default judgment against Leah Budinski and interpleader relief, so that it may deposit the Death Benefit with the Court and be discharged from this case. AAA Life also seeks the reasonable attorney fees and costs it incurred in bringing this action.

For the reasons that follow, AAA Life's Unopposed Motion for Entry of Default Judgment Against Third-Party Defendant Leah Budinski and Interpleader Relief, ECF No. 21, will be **GRANTED**.

## I. BACKGROUND

On December 15, 2002, AAA Life issued annuity No. 4000560999 (the "Annuity"), under which Robert N. Budinski (the "Decedent") was the owner and annuitant. ECF No. 9, PageID.41; Annuity, ECF No. 9-1. The Annuity provides the designated beneficiary(ies) with several payment options for the amount payable under the Annuity upon the Decedent's death (the "Death Benefit"). ECF No. 9, PageID.41.

The Decedent died on September 11, 2024. *Id.* At the time of the Decedent's death, the primary beneficiary of the Annuity was Leah Budinski ("Budinski"), the Decedent's daughter. *Id.* PageID.41–42. After being notified of Decedent's death, AAA Life sent a letter to Leah Budinski on November 12, 2024, requesting documents necessary to

2

evaluate a claim for the Death Benefit. *Id.* PageID.42. Robert Mott, as the Executor of the Estate of Robert Budinski (the "Estate"), submitted a competing claim for the Death Benefit, alleging that the Decedent had intended to exclude and disinherit Leah Budinski from receiving any assets in the event of his death because she had abandoned the family, including the Decedent, and disappeared without ever making contact with them again. *Id.*; ECF No. 1, PageID.2–3. AAA Life asserts that, as a result of the competing claims to the Death Benefit, it cannot pay the Death Benefit without exposing itself to multiple liability. ECF No. 9, PageID.42.

On April 3, 2025, the Estate brought this suit against AAA Life, seeking a declaratory judgment that the Estate is entitled to the Death Benefit. ECF No. 1, PageID.3. The Estate asserts, in the alternative, that it would consent to AAA Life converting this case to an interpleader matter in which all potential claimants may litigate entitlement to the Death Benefit among themselves. *Id.* PageID.4.

On May 19, 2025, AAA Life filed an answer to the Estate's Complaint and also a Counterclaim and Third-Party Complaint in Interpleader, naming both the Estate and Leah Budinski as Interpleader Defendants. ECF No. 9. The Estate timely filed an Answer to the Third-Party Complaint. ECF No. 12.

AAA Life was unable to locate and personally serve Leah Budinski with the Third-Party Complaint despite multiple attempts to do so at

several locations in Thurston County, Washington. AAA conducted public records searches and attempted personal service on Leah Budinski at addresses associated with her at three different addresses on Evergreen Park, Fern Street, and Thornburg Street in Olympia, Washington. ECF No. 13, PageID.76–78; ECF Nos. 13-2 to 13-4. When attempting personal service, the process servers also spoke with apartment complex employees, other residents, and neighbors in an attempt to locate Ms. Budinski. Process servers also made numerous attempts to contact Ms. Budinski via phone numbers associated with her name. ECF No. 13, PageID77. After exhausting all of these attempts at personal service, AAA Life requested and obtained an Order from this Court allowing it to serve Budinski via publication for three consecutive weeks in a newspaper that offers weekly publication in Thurston County, Washington. ECF Nos. 13, 14. Following that publication commencing on August 28, 2025 and ending on September 11, 2025, however, Leah Budinski still failed to answer or appear in this action. AAA Life then requested and obtained a Clerk's Entry of Default as to Leah Budinski on October 22, 2025 for her failure to plead or otherwise defend. ECF No. 19.

AAA Life now moves for entry of a default judgment against Leah Budinski, to deposit the Death Benefit with the Court, and interpleader relief, including attorney fees and costs. ECF No. 21. AAA Life states that the motion is unopposed. *Id.*

## II.   DISCUSSION

### A. Default Judgment

AAA Life moves for entry of a default judgment against Leah Budinski for her failure to appear, answer, or otherwise respond to AAA Life's Third-Party Complaint following service via publication. ECF No. 21, PageID.121–22.

Default judgments are governed by Federal Rule of Civil Procedure 55. That rule contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend. First, a plaintiff must request from the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Before a default judgment can be granted, a plaintiff must satisfy the Court that a defaulting, unrepresented defendant (1) was properly served, (2) "failed to plead or otherwise defend," (3) is not a "minor or incompetent person," and (4) is not in military service. *See* Fed. R. Civ. P. 55; 50 U.S.C. § 3931(b)(1); *Metropolitan Life Ins. Co. v. Skinner*, No. 4:23-cv-12969, 2025 WL 1606197, at *2 (E.D. Mich. Mar. 24, 2025) (Altman, M.J.), *adopted by* 2025 WL 1606200 (E.D. Mich. Apr. 17, 2025) (Behm, J.). The decision to grant a default judgment is in the sound discretion of the district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Upon entry of default judgment, the factual

allegations of the complaint are accepted as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007).

In an interpleader action like this one, courts enter default judgment as to "[a] named interpleader defendant who fails to answer the interpleader complaint" or "assert a claim" to the funds. *Prudential Ins. Co. of Am. v. Amarante*, No. 18-CV-13618, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019) (Levy, J.) (citation modified) (quoting *Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, at *2 (E.D. Mich. Feb. 19, 2019) ( Berg, J.)). By failing to respond, the interpleader defendant "'forfeits any claim of entitlement that might have been asserted.'" *Amarante*, 2019 WL 1397247, at *2 (quoting *Lytle*, 2019 WL 668159, at *2); *see also Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016) (collecting cases and noting that "[d]efault judgment may be entered against a defendant who fails to answer an interpleader complaint"), *report and recommendation adopted*, No. 1:15-CV-535, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016). Pertinent here, "[i]f only one interpleader defendant remains following the default of another defendant, the remaining defendant is entitled to the fund." *Columbus Life Ins. Co.*, 2016 WL 4007092, at *2 (citations omitted).

Default judgment against Leah Budinski is warranted. Leah Budinski was served with AAA Life's Third-Party Complaint by alternate means, but she has not appeared, filed an answer, or otherwise defended

6

her interest in the Death Benefit. Nor did Leah Budinski file a response to the instant motion for default judgment. By defaulting, Leah Budinski has forfeited her right to pursue an interest in the Death Benefit. Importantly, the other requirements for default judgment are also satisfied. AAA Life avers that, to the best of its knowledge, Leah Budinski is not a minor, incompetent person, member of the armed services, or officer or agent of the United States. ECF No. 21, PageID.122; ECF No. 21-2, PageID.134. *See Amarante*, 2019 WL 1397247, at *2; *see also* Fed. R. Civ. P. 55. Also, the amount of the Death Benefit is undisputed, so the Court need not conduct a further accounting. *See Amarante*, 2019 WL 1397247, at *2 (citing Fed. R. Civ. P. 55(b)(2)(A)). And although granting the default judgment extinguishes Leah Budinski's claim to the Death Benefit, as stated above, default judgment is permissible in the interpleader context. *See Lytle*, 2019 WL 668159, at *2 ("A 'named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.") (citations omitted).

Accordingly, AAA Life's motion for default judgment is **GRANTED** and the Court enters default judgment against Leah Budinski. Leah Budinski's interest in the Death Benefit that forms the basis of this action will be terminated.

### B. Interpleader Relief

AAA Life next requests that the Court grant its request for interpleader relief and agreed attorney fees. ECF No. 21, PageID.123–25. It states it is a disinterested stakeholder and that it seeks to deposit the Death Benefit into the Court's registry and for the Court to discharge AAA Life from any further liability with regard to the Death Benefit. *Id.*

Interpleader is a process in which "the stakeholder who has no claim to the money and is willing to release it to the rightful claimant, [can] put the money in dispute into the court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997) (citation modified); *see also United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641–42 (6th Cir. 2007). A party may invoke interpleader through Federal Rule of Civil Procedure Rule 22 ("rule interpleader") or 28 U.S.C. § 1335 ("statutory interpleader"). *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355–56 (6th Cir. 2018); *see also High Tech. Prods.*, 497 F.3d at 641 n.1 (explaining that rule and statutory interpleader are addressed in the same manner, though they differ in bases of jurisdiction). Under either approach, there are "two stages" of an interpleader action: first, "the Court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any

8

equitable concerns prevent the use of interpleader," and second, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech. Prods.*, 497 F.3d at 641 (citations omitted). At this point in the litigation, the Court only addresses whether AAA Life properly invoked interpleader.

Based on the record before the Court, AAA Life has properly invoked interpleader. AAA Life invokes interpleader pursuant to the Federal Rule. *See* ECF No. 9, PageID.40–41 ("This is an interpleader action arising under Rule 22 of the Federal Rules of Civil Procedure."). "In an action brought pursuant to the interpleader rule, either federal question jurisdiction or diversity jurisdiction must be established." *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990). Here diversity jurisdiction exists under 28 U.S.C. § 1332. AAA Life pleads that there is complete diversity between the parties because AAA Life is a citizen of Michigan while the Estate and Budinski are citizens of Washington, and that the amount in controversy exceeds the jurisdictional limit of $75,000. ECF No. 9, PageID.40–41; ECF No. 21-2, PageID.134 (stating the Death Benefit amount is $605,283.77, plus interest accrued).

In addition, the stakeholder must be threatened with "multiple liability." *High Tech. Prods.*, 497 F.3d at 641 (citing Fed. R. Civ. P. 22). "[T]his requirement [is] satisfied where multiple claimants present

competing claims for the same identifiable products." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1241–42 (E.D. Ky. 2011); *see also High Tech. Prods.*, 497 F.3d at 642 ("As the language of Rule 22 makes clear, '[a] prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other.'"). In this case, AAA Life is threatened with "multiple liability" with regard to the Death Benefit. Leah Budinski is listed as the primary beneficiary of the Annuity and the Estate has submitted a competing claim for the Death Benefit, claiming that the Decedent had removed Leah Budinski as the beneficiary and expressly disinherited her after she abandoned her family and disappeared. ECF No. 9, PageID.41–42. AAA Life therefore faces multiple liability.

"'When the court decides that interpleader is available'—typically, at the conclusion of the first stage—'it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead....'" *See High Tech. Prods.*, 497 F.3d at 641 (citation omitted). Because AAA Life has properly invoked interpleader, and because AAA Life is "disinterested" as to which claimant receives the Death Benefit provided by the Annuity, AAA Life will be dismissed from this case, and the remaining parties are enjoined from bringing any claims against AAA Life to recover the Death Benefit. *See Unum Life Ins. Co. of America v. Kelling*, 170 F. Supp.2d 792, 794 (M.D. Tenn. 2001) (defining "disinterested" as having "no interest in

10

which of the competing claimants receive[s] the fund paid into the [c]ourt").

**C. Attorney Fees**

Finally, in its motion for interpleader relief, AAA Life also seeks to deduct from the Death Benefit $9,000.00 in attorney's fees and costs. ECF No. 21, PageID.124–25. AAA Life represents that this figure is a "reduced negotiated amount" of fees "agreed by the Estate." *Id.*

The federal court has discretion to award attorney fees and costs to a plaintiff as the stakeholder in an interpleader action, whether the plaintiff's action is brought pursuant to Fed. R. Civ. P. 22 or 28 U.S.C. § 1335, "whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005). To recover its attorney fees and costs, the interpleading party must be "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id.* (citing *Septembertide Publ'g, B.V. v. Stein and Day, Inc.*, 884 F.2d 675 (2d Cir. 1989)). "The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Id.*; *see also Western & S. Life Ins. Co. Benefits Comm. v. Jenkins*, 733 F. Supp. 3d 632, 637–38 (S.D. Ohio 2024) (stating that the Sixth Circuit "has made clear that the 'interpleading party is *entitled* to recover costs and attorney's fees' when it meets all four prongs

11

of the applicable test (as is true here) and that '[t]he *only* limiting principle is reasonableness.'").

Each of the *Holmes* factors is satisfied in this case. AAA Life is a disinterested stakeholder; it has conceded it is liable to pay the Death Benefit at issue; it has agreed to unconditionally deposit the Death Benefit with the Court; and it has sought a discharge from liability. *See Holmes*, 148 F. App'x at 259. Moreover, AAA Life represents that the Estate agrees that AAA Life should be awarded a reduced negotiated amount of $9,000.00 for attorney fees and costs incurred in implementing the interpleader proceeding to resolve entitlement to the Death Benefit. The Estate has not filed a response disputing this assertion.

The Court agrees that AAA Life is entitled to attorneys' fees and costs for pursuing this interpleader action, and that the negotiated reduced amount of $9,000.00 is reasonable, given AAA Life's actions in this case which included filing an Answer to Plaintiff's Complaint and a Counterclaim and Third-Party Complaint, making multiple attempts to serve Leah Budinski, obtaining an order for alternate service, serving Leah Budinski by publication, and filing the instant motion. Moreover, the amount of agreed fees, $9,000.00, is reasonable given that the Annuity Death Benefit totals $605,283.77, plus interest accrued, and thus the Death Benefit will not be unreasonably depleted by the payment of attorney fees and costs. *See* ECF No. 21-2, PageID.134. *See Unum Life Ins. Co. of Am. v. Crane*, No. 5:24-CV-00230-MAS, 2025 WL 664174, at

*4 (E.D. Ky. Feb. 28, 2025) (awarding attorneys' fees and costs to interpleader plaintiff that met the *Holmes* requirements and where the parties stipulated to a reduced amount of fees and costs); *Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *3 (E.D. Mich. Oct. 13, 2010) (Cox, J.) (awarding attorney fees to interpleader plaintiff that incurred fees "due to the investigation required and the number of and methods of attempts to serve Ms. Olosen within Michigan and out of state").

The Court therefore will grant AAA Life's request for attorney fees and costs in the amount of $9,000.00, which will be deducted from the Death Benefit before it is submitted to the Court's registry.

## III.   CONCLUSION

Accordingly, for the reasons stated above, AAA Life's Unopposed Motion for Entry of Default Judgment Against Third-Party Defendant Leah Budinski and Interpleader Relief, ECF No. 21, is **GRANTED**.

**IT IS FURTHER ORDERED** that AAA Life is awarded its reasonable and necessary attorneys' fees and costs in the stipulated amount of **$9,000.00**, to be withheld from the Death Benefit before depositing the Death Benefit to the registry of the Court.

**IT IS FURTHER ORDERED** that, within 21 days of AAA Life's receipt of this Order, AAA Life must deposit the remainder of the Death Benefit, **$596,283.77**, plus interest accrued, if any, with the Clerk of the Court. The Clerk shall deposit the Death Benefit into an interest-bearing

13

account in the Registry of this Court. The Death Benefit shall remain on deposit until further order of this Court.

The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office at or equal to ten percent (10%) of the income earned for deduction in the investment held and without further order of the Court.

**IT IS FURTHER ORDERED** that upon deposit of the Death Benefit in accordance with this Order, AAA Life and Annuity No. 4000560999 issued by AAA Life (the "Annuity") are hereby **DISCHARGED** from further liability to Leah Budinski relating to the amount payable under the Annuity (the "Death Benefit") at issue in the underlying interpleader action, and that any and all claims, demands, debts, or causes of action arising out of or relating to the Annuity or Death Benefit that could have been asserted herein against AAA Life by the parties are hereby **DISMISSED WITH PREJUDICE**.

14

Finally, **IT IS FURTHER ORDERED** that upon deposit of the Death Benefit in accordance with this Order, the Estate of Robert Budinski may move for disbursement and dismissal of this action within **21 days** from the date of this order.

This is not a final order and does not close the case.

**IT IS SO ORDERED.**

Dated: June 2, 2026        /s/Terrence G. Berg
                          HON. TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE